**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**CITY OF OSCEOLA, ARKANSAS**                                                        **PLAINTIFF**

v.                                    **CASE NO. 3:13CV00011 BSM**

**ENTERGY ARKANSAS, INC. et al.**                                                **DEFENDANTS**

**ORDER**

The motions of plaintiff Osceola, Arkansas ("the City") to remand [Doc. No. 15] and to strike [Doc. No. 17] and of defendants Entergy Arkansas, Inc. and Entergy Services, Inc. (collectively "Entergy") to dismiss [Doc. No. 3] are denied..

I. BACKGROUND

The City filed this case against Entergy in the Mississippi County Circuit Court, claiming that Entergy breached the parties' electric utility service agreement by wrongfully charging certain costs to the City.  The City seeks a refund from Entergy based on a ruling by the Federal Energy Regulatory Commission ("FERC") in a similar case in Missouri. Entergy removed the case and now moves to dismiss, arguing the City's claim is preempted by the Federal Power Act ("FPA") and barred by FERC's exclusive jurisdiction.  The City objects to dismissal and seeks remand, arguing this a common law breach of contract case.

II. LEGAL STANDARD

Federal court jurisdiction is narrow and is therefore a threshold issue.  *Godfrey v. Pulitzer Pub. Co.*, 161 F.3d 1137, 1141 (8th Cir.1998).  A party seeking removal and opposing remand must establish federal jurisdiction.  *In re Bus. Men's Assurance Co. of Am.*,

992 F.2d 181, 183 (8th Cir. 1993). Doubts about federal jurisdiction, however, are resolved in favor of remand. *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007). A case can be removed to federal court when it could have been filed there originally. *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 444 (8th Cir. 2010). Removal based on federal question jurisdiction is appropriate only when a federal question is presented on the face of a properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Dismissal is proper when a complaint fails to state a claim upon which relief can be granted. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing Fed. R. Civ. P. 12(b)(6)). Although the City is not required to prove specific facts in support of the allegations in its complaint, the complaint must include sufficient information to provide the grounds upon which its claims rest, and to raise a right to relief above a speculative level. *Id.* Further, exhibits attached to the pleadings can properly be considered in addressing a motion to dismiss. *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011).

### III. DISCUSSION

The City's motion to remand [Doc. No. 15] is denied, Entergy's motion to dismiss [Doc. No. 3] is denied, and the City's motion to strike [Doc. No. 17] is denied as moot.

A.  <u>Remand</u>

The City's motion to remand is denied because its contract claim is so interwoven with federal law that federal question jurisdiction exists. The City alleges its case is identical to one that was adjudicated before the FERC, and that the City is owed the same recovery as the Missouri utility in the other case. Pl.'s Compl. [Doc. No. 2] at Pg. 1, ¶ 2. The City

also "seeks separate enforcement and award of damages as is permissible under the Federal Power Act . . . and decisions of FERC." *Id.* at ¶ 1. While framed as a breach of contract case, the success of the City's claim turns on federal law. Thus, the motion to remand is denied.

B.  Motion to Dismiss

Entergy's motion to dismiss is denied and the City's motion to strike is denied as moot. The City relies on a recent FERC determination for its position that Entergy cannot pass on certain costs to customers unless they are contractually enumerated. Opinion 505-A, 139 FERC ¶ 61,103, at ¶ 37 (May 7, 2012). The City alleges it was wrongfully charged costs in violation of the FERC decision. Pl.'s Compl. [Doc. No. 2] at Pg. 8, ¶ 22. The City has met its burden of stating a claim upon which relief can be granted. Accordingly, Entergy's motion to dismiss is denied and the City's motion to strike Entergy's reply is denied as moot.

## IV. CONCLUSION

Accordingly, the City's motion to remand [Doc. No. 15] is denied, Entergy's motion to dismiss [Doc. No. 3] is denied, and the City's motion to strike [Doc. No. 17] is denied as moot.

IT IS SO ORDERED this 20th day of September 2013.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE